**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, D.C. 20036<br><br>and<br><br>KEN VOGEL<br>c/o Politico<br>1000 Wilson Boulevard<br>8th Floor<br>Arlington, VA 22209<br><br>and<br><br>JOSH GERSTEIN<br>c/o Politico<br>1000 Wilson Boulevard<br>8th Floor<br>Arlington, VA 22209<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY<br>STOP-0655<br>245 Murray Lane, SW<br>Washington, D.C. 20528-0655<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*     Civil Action No. 17-186 |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records improperly withheld from plaintiffs The James Madison Project, Ken Vogel and Josh Gerstein by the defendant Department of

Homeland Security (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security. It maintains a website at www.JamesMadisonProject.org.

4. Plaintiff Ken Vogel ("Vogel") is the chief investigative reporter for Politico, and is a representative of the news media.

5. Plaintiff Josh Gerstein ("Gerstein") is the senior reporter for Politico, covering legal affairs and transparency, and is a representative of the news media.

6. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DHS controls – and consequently serves as the proper party defendant for litigation purposes for – the U.S. Secret Service ("USSS") and the DHS Office of Inspector General ("OIG").

**FACTUAL BACKGROUND**

7. This lawsuit is brought under the Freedom of Information Act ("FOIA") for the purpose of bringing clarity to the lingering questions of how the private security personnel of President Donald J. Trump ("President Trump") have handled coordinating with President Trump's USSS protective detail, including the extent to which concerns have been voiced about the conduct of President Trump's private security personnel. This FOIA litigation will also seek to reveal whether disciplinary action was taken against USSS Agents who were part of President Trump's USSS protective detail during the Presidential campaign.

8. President Trump's private security personnel have played a virtually-unprecedented role in comparison to past Presidential candidates afforded USSS protection, to say nothing of Presidents themselves. President Trump's private security personnel have been the subject of continued controversy as they have been accused of using undue force and aggression to remove protestors from campaign events, as well as positioning themselves near the President in a manner that could compromise the abilities of the USSS protective detail. *http://www.politico.com/story/2016/12/donald-trump-security-force-232797* (last accessed December 22, 2016). The FOIA requests at issue in this litigation seek to flesh out how exactly USSS and DHS OIG have addressed the issue to ensure that USSS Agents in particular can perform their duties and safeguard the personal security of President Trump.

9. On August 9, 2016, then-Vice Presidential candidate Governor Mike Pence ("Vice President Pence") was hosting a campaign event in Pennsylvania when he received a question from an 11 year old boy about "Right to Try" legislation. When the young boy became emotional speaking about his father, who is ill with ALS, Vice President Pence left the stage to comfort him. While Vice President Pence was doing that, Valerie Mihalek took the microphone

and began speaking on behalf of the young boy and "Right to Try" legislation.

*http://www.pennlive.com/nation-world/2016/08/mike_pence_leaves_stage_to_hug.html*

(last accessed December 22, 2016). Valerie Mihalek is the wife of USSS Agent Mihalek, who has at times been part of President Trump's USSS protective detail. Vogel has been informed through sources that Keith Schiller ("Mr. Schiller"), the head of President Trump's private security personnel, notified USSS that he viewed Mrs. Mihalek's comments as inappropriate. It remains unclear to what extent, if at all, USSS and/or DHS OIG viewed the alleged complaint by Mr. Schiller as worthy of an inquiry and possible disciplinary action.

10. A USSS Agent was filmed body-slamming a photographer during one of President Trump's campaign rallies in Radford, Virginia, on February 29, 2016. *http://www.foxnews.com/politics/2016/02/29/amid-protests-secret-service-media-tussle-at-trump-rally-in-virginia.html* (last accessed December 24, 2016); *http://www.politico.com/blogs/under-the-radar/2016/03/dhs-watchdog-to-probe-secret-service-photographer-altercation-220395* (last accessed December 24, 2016). To date, no public information exists addressing whether any disciplinary action was taken against the USSS Agent for his conduct.

**COUNT ONE (USSS)**

11. The plaintiffs JMP, Vogel and Gerstein (referred to jointly as "the Requesters"), repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

12. By letter dated December 26, 2016, the Requesters submitted to the USSS a FOIA request that sought copies of the following:

1) Any records memorializing final determinations by USSS staff regarding separation of authority between Donald Trump's U.S. Secret Service ("USSS") provided protective detail and any security personnel (including staff with security backgrounds) privately paid for by Donald Trump, the Trump Organization, and/or Donald J. Trump for President, Inc., "Trump for America" (the formal name of the

4

transition non-profit) and "the Trump transition team" (which is the commonly used colloquial term)(hereinafter collectively referred to as "Donald Trump's private security personnel");

2) Any records memorializing final determinations by USSS staff regarding whether USSS Agents are responsible for removing protestors at events hosted by President Trump's campaign team;

3) Any records memorializing final determinations by USSS staff addressing whether President Trump's private security personnel must undergo USSS background investigations or security vetting;

4) Any records memorializing final determinations by USSS staff addressing whether President Trump's private security personnel must undergo USSS physical security training;

5) Any records memorializing final determinations by USSS staff regarding whether President Trump's private security personnel will be granted access to USSS equipment, firearms, and/or information in furtherance of their duties;

6) Any records memorializing written concerns or complaints by USSS staff regarding alleged misconduct by members of President Trump's private security personnel;

7) Any records memorializing a complaint filed by Keith Schiller (or his designee) with respect to actions by the wife of USSS agent Donald J. Mihalek ("Agent Mihalek");

8) Any records memorializing final determinations by USSS staff regarding any complaints falling within the scope of category #8, as well as final determinations by USSS staff regarding disciplinary action to be taken against Agent Mihalek; and

9) Any records memorializing final determinations by USSS staff regarding disciplinary action to be or that was taken against the USSS Agent involved in an incident with a photographer at a President Trump campaign rally in February 2016 in Radford, Virginia.

13. For categories #1-6, the Requesters advised USSS that it could limit the timeframe of its searches from June 1, 2015, up until the date the agency begins conducting actual searches for responsive records. For categories #7-9, the Requesters advised USSS that it could limit the timeframe of its searches from August 1, 2016, up until the date upon which the agency begins

5

conducting actual searches for responsive records. The Requesters noted that the scope of the searches should not be limited to USSS-originated records.

14. In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or who otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

15. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing of the FOIA request.

16. By letter dated January 4, 2017, USSS acknowledged receipt of the FOIA request and assigned it request number 2017-HQFO-00202. In its letter, USSS stated that it was conditionally granting the requested fee waiver.

17. To date, no substantive response has been received by the Requesters from USSS. The Requesters have constructively exhausted all required administrative remedies.

18. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by USSS of said right.

**COUNT TWO (DHS OIG)**

19. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

20. By letter dated December 26, 2017, the Requesters submitted to DHS OIG a FOIA request, the scope of which, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the USSS request.

21. To date, no substantive response has been received by the Requesters from DHS OIG. The Requesters have constructively exhausted all required administrative remedies.

22. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by DHS OIG of said right.

WHEREFORE, plaintiffs The James Madison Project, Ken Vogel and Josh Gerstein pray that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date: January 30, 2017

Respectfully submitted,

/s/
_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs